UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | Case No.:  3:22-CR-77 RLM |
| ) | |
| OPEDIAH BARNETT ) | |
|       Defendant. ) | |

# DEFENDANT'S SENTENCING MEMORANDUM

### I.   Introduction

The defendant, Opediah Barnett, submits the following Sentencing Memorandum in support of his request for a sentence of fifteen years, the minimum sentence permitted under the statute of conviction.

On April 17, 2023, Mr. Barnett pled guilty to two counts of a four-count Indictment.  There is no plea agreement in the case.

### II.   Objections to Guideline Calculations

**Defendant Barnett's Objection to §4B1.5(b)(1) Enhancement.**

Opediah Barnett objects to the five-level enhancement applied pursuant to USSG §4B1.5(b)(1).  This enhancement should not apply to Opediah Barnett because it constitutes an improper triple enhancement of punishment, and also because Mr. Barnett's conduct does not constitute a pattern of activity of prohibited sexual conduct as required by the enhancement.

    **1.   Improper triple punishment of the same conduct**

Mr. Barnett pled guilty to two counts of Production of Child Pornography in violation of 18 USC §2225(a) and (e).  The first incident took place on or about July

1

2021.  The second incident did not occur until sometime between January 15, and January 26, 2022.  The enhancement under §4B1.5(b)(1) constitutes a triple enhancement of Mr. Barnett's punishment based on the same conduct because it: (1) punishes conduct that is already an element of the offense in the indictment for which Mr. Barnett is receiving punishment, (2) Mr. Barnett already receives a two-level enhancement because of multiple counts pursuant to USSG §3D1.4, and finally (3) applying the enhancement under §4B1.5(b)(1) results in a final, triple enhancement.

Mr. Barnett acknowledges possible contrary authority.  Since 2012, the Seventh Circuit has held that double counting is generally permissible under the sentencing guidelines unless expressly prohibited. As the Court has written:

> [T]he default rule is that the same conduct may determine the base offense level and also trigger the cumulative application of enhancements and adjustments unless a specific guideline instructs otherwise. See U.S.S.G. § 1B1.1 cmt. n. 4. In other words, double counting is impermissible only when the text of the applicable guideline specifically says so.

*United States v. Vizcarra*, 668 F.3d 516, 518 (7th Cir. 2012).

Nevertheless, the guidelines are meant to provide a fair and balanced approach to sentencing, a process that is intended to produce a reasonable sentence. *See* U.S.S.G. Ch. ONE, Pt. A, Subpt. 1 ("[W]hen a defendant engages in conduct that causes several harms, each additional harm, even if it increases the extent to which punishment is warranted, does not necessarily warrant a proportionate increase in punishment."). Without a doubt, triple enhancing Mr. Barnett's punishment based on the same conduct violates these basic principles underlying the Guidelines. *See id.* ("[T]he Commission has written its rules for the treatment of multicount convictions with an eye toward eliminating unfair treatment that might flow from count manipulation. . . . [T]he

2

guidelines treat a three-count indictment, each count . . . charg[ing] [the] sale of 100 grams of heroin . . . the same as a single-count indictment charging sale of 300 grams of heroin . . . .").

**2. Mr. Barnett did not engage in a pattern of activity of prohibited sexual conduct**

A. The plain language of 4B1.5(b) does not apply to Mr. Barnett because he was convicted under 18 USC §2251(a) and (e), Sexual Exploitation of Children. Application Note 4 to 4B1.5(b) makes clear that §4B1.5(b) applies only to the following:

> (i) any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B); (ii) the production of child pornography; or (iii) trafficking in child pornography only if, prior to the commission of the instant offense of conviction the defendant sustained a felony conviction for the trafficking in child pornography.

It does not include receipt or possession of child pornography. "Child pornography" has the meaning given that term in 18 U.S.C. § 2256(8). *See also United States v. Norwood*, 982 F.3d 1032, 1058–59 (7th Cir. 2020).  Therefore, according to §2426, Repeat Offenders, the section applies to individuals with a prior sex offense conviction, of which Mr. Barnett has none.

B. In addition, although Mr. Barnett admitted to two separate acts of prohibited sexual conduct, and the guideline requires at least two acts in order to apply, Mr. Barnett contends that there is insufficient evidence to establish a *pattern* of misconduct as opposed to two isolated incidents of misconduct.  Mr. Barnett did not engage in a pattern of activity, rather, he pled guilty to two separate incidents, separated geographically by thousands of miles and separated in time by nearly a year.

Application Note 4(B) to 4B1.5 states in pertinent part:

3

> (B) Determination of Pattern of Activity--
>
> (i)   In General.—For purposes of subsection (b), the defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor.

Though Mr. Barnett pled to two counts of sexual conduct, he did not engage in a pattern of activity as the plain meaning of the term "pattern" is commonly understood. There is no connection between the two incidents, no relationship between the victims, and Mr. Barnett has no prior criminal history reflecting a pattern of prohibited sexual conduct.

Therefore, for all the foregoing reasons, Mr. Barnett objects to the five level 4B1.5 enhancement set forth in the Draft PSR.

### III. Consideration of the factors listed in 18 U.S.C. 3553(a) supports a sentence of 15 years.

The mandate provided by Title 18, United States Code Section 3553(a), requires the Court to impose a sentence that is sufficient, but not greater than necessary to serve the purposes of sentencing: just punishment, retribution, deterrence, and rehabilitation. When the rough approximation of the sentence provided by the guidelines conflicts with the Court's view of the appropriate sentence under §3553(a), the Court may disregard the sentence recommended by the guidelines, and tailor a sentence that is appropriate for the particular defendant. *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 1856, 1863-1865 (2007), *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558 (2007).

### A.   Specific § 3553(a) factors support a sentence of fifteen years

#### 1.   Nature and circumstances of offense

With regard to Count 1, on July 16, 2021, Opediah Barnett persuaded Jane Doe 1, who was under the age of 18 at the time, to send a video via Snapchat of sexually explicit

conduct.

With regard to Count 2, between about January 15 and about January 26, 2022, Opediah Barnett persuaded Jane Doe 2, who was under the age of 18 at the time, to send a video via Snapchat of sexually explicit conduct.

**2.     History and characteristics of Mr. Barnett**

Mr. Barnett's parents were unable to provide a stable home for Mr. Barnett and his siblings. His parents had an extremely volatile relationship and were married and divorced and separated on several occasions.  After Mr. Barnett's parents separated a second time, his mother became involved in an abusive relationship.  Mr. Barnett's mother fled with her children to California where Mr. Barnett recalls living in a garage and witnessing his sister sexually abused by an unknown person.

Mr. Barnett's mother was ill-suited to parenthood. She was verbally abusive to Mr. Barnett, and physically abusive to his sister.  Similarly, Mr. Barnett's father was not a true parent because he was extremely verbally abusive and cruel, as well as physically abusive.  Both Mr. Barnett's parents had drug addiction problems and were barely able to support themselves or their family.

For the past four years, Mr. Barnett has lived with and been supported by his grandmother, Loretta Barnett.  His father is also in the home.  However, three months prior to his arrest, Loretta Barnett asked Opediah to leave the home, and during that time he lived in his car.

Mr. Barnett suffered through a terrible childhood.  He experienced an unloved childhood.  His parents failed to create a safe environment for him to thrive, instead subjecting young Opediah to instability, violence, and trauma.

Mr. Barnett was unable to complete high school and when he left Michigan City High School, he had a cumulative grade point average of 1.1034. He took GED preparation courses but was not able to obtain his GED.

At the time of his arrest, Mr. Barnett was working as a dishwasher and cook at restaurants in Michigan. He has no assets and significant liabilities as a result of a repossessed car.

This memorandum will be supplemented with a video containing interviews with family members.

### 3. The need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, protect the public from further crimes of the defendant, and provide defendant with needed education or vocational training or medical care.

Courts are directed to impose sentences that are informed by what is known as the parsimony principle, a broad command in §3553(a) that instructs courts to "impose a sentence sufficient, but not greater than necessary." *Dean v. United States*, 137 S. Ct. 1170, 1175, 197 L. Ed. 2d 490 (2017).

Mr. Barnett suffered through a terrible childhood. He experienced an unloved childhood. His parents failed to create a safe environment for him to thrive, instead subjecting young Opediah and his siblings to instability, violence, and trauma.

Mr. Barnett has no prior criminal history. The offenses in this case were entirely non-violent and non-coercive. Mr. Barnett pled guilty and acknowledged his responsibility, understanding that his sentence would be very significant. The statutory minimum sentence, fifteen years, is a sufficient sentence because it reflects the seriousness of the offense, affords adequate deterrence and will protect the public from further crimes for a substantial period of time. Defendant requests a sentence of fifteen

years.

Dated:  October 16, 2023

                                              Respectfully submitted,

                                              Northern District of Indiana
                                              Federal Community Defenders, Inc.

By:     s/ Scott J. Frankel
          Scott J. Frankel, Staff Attorney
          130 S. Main Street, Suite 300
          South Bend, IN 46601
          Phone:  (574) 185-7393
          Fax:  (574) 185-7394